UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                        CRIMINAL ACTION

VERSUS                                          NO. 14-59

PERCY DEPRON                                    SECTION "A"


**ORDER AND REASONS**

Before the Court is a **Motion for Compassionate Release (Rec. Doc. 563)** pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by the Defendant Percy Depron. For the following reasons, the motion is denied.

I.    **BACKGROUND**

On March 27, 2014, a grand jury indicted Percy Depron with conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §841(a)(1), §841(b)(1)(A) and §846 (count 1), and distribution of a quantity of heroin in violation of 21 U.S.C. §841(a)(1) and 841 (b)(1)(C) (count 20) (Rec. Doc. 1, Indictment). On March 14, 2015, pursuant to a plea agreement with the Government, Depron was rearraigned and entered a plea of guilty to count 1. (Rec. Doc. 177, Depron's Plea Agreement). Depron was sentenced on September 16, 2015, to serve 121 months imprisonment. (Rec. Doc. 355, Judgment).

Depron is now being housed in the Federal Bureau of Prisons ("BOP") at FCI Forrest City Low in St. Francis, Arkansas. (Rec. Doc. 567, p. 2, The Government's Opposition). His anticipated released date is November 4, 2021. *Id*. On April 20, 2020, Depron filed a motion for compassionate release. (Rec. Doc. 563). In his motion, Depron claims that he is immune-compromised from T-cell Lymphoma and argues that based on his history as a nonviolent offender, he should be released to home incarceration. *Id*. However, the Government opposes Depron's motion. (Rec. Doc. 567). The Government instead contends that, "as of

May 1, 2020, the [D]efendant has not applied for compassionate release through BOP and has not exhausted the administrative remedies." *Id*. at 2.

The Court will now address the merits of Depron's motion.

## II.     DISCUSSION

Depron filed his motion for a sentence modification under the First Step Act of 2018. He asks the Court to grant him compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] This statute allows for the modification of a term of imprisonment upon a finding that certain extraordinary and compelling reasons warrant a reduction in an inmate's sentence. As amended by the First Step Act in December of 2018, the compassionate release provision provides that:

> (c) Modification of an Imposed Term of Imprisonment — the court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's

---

[1] It is important to distinguish between the CARES Act, on the one hand, and § 3582 as amended by the First Step Act on the other. The CARES Act was the federal government's comprehensive response to the COVID-19 crisis and certain provisions addressed the release of eligible inmates in the prison population. The CARES Act expanded the BOP's authority under 18 U.S.C. § 3624(c)(2) to release prisoners from custody to home confinement.

Section 3624(c)(2) authorizes the BOP to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." 18 U.S.C. § 3624(c)(2). The CARES Act, in turn, provides that if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, as he did on April 3, 2020, the BOP Director may increase the maximum amount of time that a prisoner may spend in home confinement. Thus, home confinement determinations rest with the BOP.

In this case, Depron seeks judicial relief under 18 U.S.C. § 3582, which permits the district courts to reduce a prisoner's term of imprisonment under certain circumstances. Thus, the statute applicable to the Court's analysis here is § 3582, not the CARES Act and its expansion of § 3624(c)(2).

facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.][2]

Although sentence reductions under § 3582 historically could be ordered only upon a motion by the Director of the BOP, the First Step Act of 2018 amended the statute to allow prisoners to petition the district courts as set forth above. However, as the statute makes clear, prior to filing motions for release in the district court, a prisoner must first exhaust his administrative remedies either by fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release on his behalf, or by filing the motion with the court after a lapse of 30 days from the date of the warden's receipt of his request for release, "whichever is earlier." 18 U.S.C. § 3852(c)(1)(A). The administrative-exhaustion provision is set out in mandatory terms—the district court can modify a sentence only after the defendant has exhausted administrative remedies. This mandatory language includes no exceptions, equitable or otherwise.

Here, Depron has not applied for compassionate release through the BOP and has not exhausted the administrative remedies. Thus, by filing the instant motion, Depron aims to have this Court waive the exhaustion prerequisite due to the grave dangers presented by COVID-19. However, the Court has no power to waive the exhaustion requirement. The Supreme Court has stated that "[w]here Congress specifically mandates, exhaustion is

---

[2] 18 U.S.C. § 3582(c)(1)(A).

required." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992), superseded by statute on other grounds as stated in *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *see also Booth*, 532 U.S. at 741 n.6 ("we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); *see generally Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016) (reviewing the Prisoner Litigation Reform Act and explaining that "mandatory [statutory] language means a court may not excuse a failure to exhaust"; this is because "a statutory exhaustion provision stands on a different footing. There, Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to."). Thus, because the Court cannot waive the requirement that Depron exhaust his administrative remedies, the Court has no authority to modify his sentence under § 3582.

Further, the Court notes that other Louisiana federal district courts have concluded that the First Step Act exhaustion requirements are mandatory and cannot be waived by the courts. *See United States v. Reeves*, 2020 WL 1816496 (W.D. La. Apr. 9, 2020); *United States v. Perdigao*, 2020 WL 167322 (E.D. La. Apr. 2, 2020); and *United States v. Clark*, 2020 WL 1557397 (M.D. La. Apr. 1, 2020). Moreover, to date, only one appellate court has considered this matter directly, and it too agrees that exhaustion is mandatory. In *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020), the Third Circuit held that the courts have no authority to grant § 3582 relief to a prisoner in the absence of exhaustion. Therefore, the Court cannot forgive Depron's failure to exhaust, and without exhaustion, the Court lacks jurisdiction over his motion.

Accordingly;

**IT IS ORDERED** that the **Motion for Compassionate Release (Rec. Doc. 563)** pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by the Defendant Percy Depron is **DENIED**.

May 8, 2020

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE